UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GENERALI - U.S. BRANCH Subscribing to Policy No. CAR700005, as subrogee of Walsh Construction Company/Vinci Gran Projects JV d/b/a Walsh Vinci Joint Venture, d/b/a THE GENERAL INSURANCE COMPANY OF TRIESTE & VENICE - U.S. BRANCH, <br><br> Plaintiff, <br><br> v. <br><br> LACHEL & ASSOCIATES, INC., <br><br> Defendant. | Case No. 4:17-cv-00168-TWP-DML |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative, Fed. R. Civ. P. 56, by Defendant Lachel & Associates, Inc. ("Lachel") (Filing No. 5). Plaintiff, Generali – U.S. Branch doing business as The General Insurance Company of Trieste & Venice – U.S. Branch ("Generali"), initiated this lawsuit, seeking damages as the subrogee of Walsh Construction Company/Vinci Gran Projects JV doing business as Walsh Vinci Joint Venture ("Walsh Vinci JV"). Lachel moved to dismiss Generali's claims, arguing that the applicable statute of limitations bars this action and a contractual waiver of subrogation further bars the claims asserted in this action. For the following reasons, the Court **grants** Lachel's Motion to Dismiss.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all

inferences in favor of Generali as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Generali is a New York corporation with its principal place of business in New York. It sells and issues insurance policies. Lachel specializes in design and construction management services for tunneling and other heavy civil construction projects in the areas of transportation, water and wastewater infrastructure, and hydroelectric power. It provides consulting and design engineering services ([Filing No. 1-1 at 2](#)–3).

The East End Crossing is a public-private partnership between the Indiana Finance Authority and WVB East End Partners, LLC for a project to develop, design, construct, finance, operate, and maintain a bridge facility and associated roadway and facilities across the Ohio River in Southern Indiana and Louisville, Kentucky ([Filing No. 1-1 at 2](#); [Filing No. 5-5](#)). The Indiana Finance Authority and WVB East End Partners entered into a public-private agreement for construction of the project on December 27, 2012 ([Filing No. 1-1 at 3](#); [Filing No. 5-5 at 3](#)). The project included a new bridge across the Ohio River that would tie into existing interstate highway via two new highway tunnels ([Filing No. 12 at 3](#)).

After the public-private agreement was executed, WVB East End Partners contracted with Walsh Vinci JV to perform the design and construction work for the project. *Id.* at 3–4. Walsh Vinci JV "specialized in financing, designing and constructing major highway and bridges projects." ([Filing No. 1-1 at 3](#).) Walsh Vinci JV is "a separate entity from WVB East End Partners, LLC which was tasked with the design of the project among other duties." *Id.*

Generali issued an insurance policy to WVB East End Partners and Walsh Vinci JV, with a policy number CAR700005, to provide insurance protection for the project against builder's risk,

constructional plant and equipment risk, existing property risk, and delay in startup risk (Filing No. 5-4 at 2, 6; Filing No. 1-1 at 3; Filing No. 12 at 4).

On May 10, 2013, Lachel and Walsh Vinci JV entered into a contract for Lachel to perform consulting and design engineering services for the project. Lachel performed work on the project pursuant to this agreement. Lachel provided professional design services related to the initial support systems for the tunnel portions of the project. The agreement called for Lachel to provide professional engineering services that included design of the initial tunnel support, blasting plans, vibration monitoring, and contingency planning. The agreement required Lachel to perform its professional engineering services in a manner consistent with the professional skill and care ordinarily provided by members of the engineering profession practicing in the same locality (Filing No. 1-1 at 3, 8, 13–15; Filing No. 12 at 5).

On Friday, September 19, 2014, at 6:30 p.m., normal tunneling activities were taking place when a noise was heard coming from the south tunnel. The workers were evacuated from the tunnel, and then rock from the roof of a portion of the south tunnel collapsed (Filing No. 12 at 7; Filing No. 1-1 at 4). After this incident occurred, Generali retained geotechnical engineers to determine the cause of the incident, and Generali's engineers determined that the primary reason for the roof collapse was inadequate design of the initial support for the tunnel provided by Lachel (Filing No. 1-1 at 4). "Pursuant to the terms of its [insurance] policy, Generali paid [Walsh Vinci] JV for its damages and became subrogated to all rights and causes of action of the Insured." *Id.*

On August 10, 2017, Generali filed a Complaint in the Clark County Circuit Court of Indiana as subrogee of Walsh Vinci JV. *Id.* at 1. In its Complaint, Generali alleged that Lachel breached the agreement between Walsh Vinci JV and Lachel by failing to provide adequate initial support design and contingency plans for the tunnel and that Lachel's design failure was the

3

proximate cause of Walsh Vinci JV's loss. Generali made payments in excess of $13 million, and it alleged in the Complaint that it is now subrogated to the extent of the payments made to Walsh Vinci JV. *Id.* at 5. Generali asserted a second claim in the Complaint, alleging that Lachel is required to indemnify Walsh Vinci JV for "property damage that may arise from the performance of the Services to the extent caused by the negligent acts or omissions of [Lachel]," and this claim for indemnification was subrogated to Generali. *Id.* at 5–6.

On September 5, 2017, Lachel removed the lawsuit from state court to this Court on the basis of diversity jurisdiction. Then six days later, Lachel filed its Motion to Dismiss, asserting that the applicable statute of limitations bars Generali's claims and a contractual waiver of subrogation also bars the claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581

4

F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Lachel filed the instant Motion seeking dismissal pursuant to Rule 12(b)(6) or alternatively, pursuant to Rule 56 for summary judgment. As an initial matter, the Court determines that it need not consider the Motion under Rule 56 because, "[i]n deciding a Rule 12(b)(6) motion, the court may consider documents attached to a complaint, such as contract documents, without converting the motion into one for summary judgment. See Fed. R. Civ. P. 10(c)." *Bible v. United Student Aid Funds, Inc*., 799 F.3d 633, 639–40 (7th Cir. 2015). While review under Rule 12(b)(6) is limited to the complaint, courts consider documents attached to and incorporated in the complaint as part of the complaint and will consider documents that are referred to in the complaint, which are concededly authentic and central to the plaintiff's claim. *Santana v. Cook County Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012*); Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). "As a general rule, we may take judicial notice of public records not attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6)." *Olson v. Champaign Cty*., 784 F.3d 1093, 1097 n.1 (7th Cir. 2015). The documents filed in connection with the Motion to

5

Dismiss are public records and contract documents, which can be considered as part of the Complaint, so the Court will decide Lachel's Motion under Rule 12(b)(6).

In its Motion to Dismiss, Lachel asserts two arguments for the dismissal of this action. First, Lachel argues that the applicable statute of limitations bars Generali's claims. Second, it argues that a waiver of subrogation among the contracting parties also bars the claims. The Court will first address the statute of limitations argument and then turn to the waiver of subrogation argument.

### A. Statute of Limitations

Liability for professional services related actions are defined in Indiana Code § 34-11-2-3, specifically, that code provides:

> An action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, may not be brought, commenced, or maintained, in any of the courts of Indiana against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless the action is filed within two (2) years from the date of the act, omission, or neglect complained of.

Indiana Code § 34-11-2-3 provides: "(a) An action for: (1) injury to person or character; (2) injury to personal property; or (3) a forfeiture of penalty given by statute; must be commenced within two (2) years after the cause of action accrues."

Lachel argues that, while Generali's claims are labeled as contractual—breach of contract and indemnification—the nature and substance of the claims are actually based on negligent acts or omissions by Lachel in rendering professional services. The Complaint alleges that Lachel's acts or omissions in rendering consulting and design engineering services (i.e., professional services) resulted in injury to the personal property of Generali's subrogor, Walsh Vinci JV. (Filing No. 1-1 at 3-5.) According to Lachel, the cause of action alleged by Generali is subject to the two-year statute of limitations for professional services resulting in injury to personal property

based on Indiana Code § 34-11-2-4. ([Filing No. 6 at 14](#).) They cite to *Shaum v. McClure*, 902 N.E.2d 853, 856 (Ind. Ct. App. 2009) (holding that despite plaintiff's styling of its claim, Indiana Code § 34-11-2-4 applied because the claim was "a claim for professional malpractice"). Lachel points out that in Indiana, "the nature or substance of the cause of action, rather than the form of the action, determines the applicable statute of limitations," *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004), and thus, Generali cannot label its claims as contract claims to avoid the two-year statute of limitations applicable to the allegations of negligence by Lachel in providing professional services resulting in damage to personal property.

Lachel further argues that Generali previously argued that the two-year statute of limitations statute of limitations in Indiana Code § 34-11-2-3 applied when it brought these same claims as subrogee of WVB East End Partners in the Western District of Kentucky. On September 14, 2016, Generali filed a complaint in the Western District of Kentucky as the subrogee of WVB East End Partners, asserting claims for breach of contract and negligence arising from the same tunnel collapse incident and the same insurance payment exceeding $13 million that is at issue in this case ([Filing No. 13-1](#)).

When facing a similar motion to dismiss in the Kentucky case, Generali argued,

The incident giving rise to this suit occurred on September 19, 2014. Am. Compl. ¶ 15. In accordance with Indiana Code § 34–11–2–3, Plaintiff filed its original Complaint on September 14, 2016. In its Complaint, Plaintiff alleged breach of contract and negligence related to the performance of Lachel's professional services. Am. Compl. ¶ 22, 28. As a result of the terms of WVJV and Lachel's contract, Indiana Code § 34–11–2–3 is the governing statute of limitation. Therefore, Plaintiff's claims are not barred by the applicable statute of limitations under Indiana law.

([Filing No. 5-2 at 15](#)–16.) Generali further argued in the Kentucky case, "According to the contract between WVJV and Lachel, the choice of law governing this suit is Indiana, which has a two-year

7

statute of limitations for negligence and contract claims. (Exhibit B, p. 4). Ind. Code Ann. § 34-11-2-3 (West)." *Id.* at 5.

In this case, Lachel argues that, because Generali unequivocally asserted that Indiana Code § 34-11-2-3 applied to both its tort and contract claims, Generali should be held to this statute of limitations in this case involving the same claims arising out of the same incident. Lachel asserts that Generali's position regarding the applicability of Indiana Code § 34-11-2-3 is consistent with *Allstate Ins. Co. v. Burgher*, 2010 U.S. Dist. LEXIS 19192, at *7–8 (S.D. Ind. Mar. 2, 2010), where the court held this statute of limitations applied to professional engineering services. The court explained that "regardless of the type of property involved, all claims based on professional malpractice are governed by the two-year statute of limitations." *Id.*

Lachel asserts that, under either Indiana Code § 34-11-2-3 or § 34-11-2-4, a two-year limitation period applies, and this case is barred because it was filed too late. The harm to Generali's subrogor, Walsh Vinci JV, accrued on September 19, 2014, when the tunnel collapse incident occurred, and Walsh Vinci JV knew of the incident that day. As a subrogee, Generali stands in the shoes of Walsh Vinci JV,[1] and thus, Generali's claims accrued on September 19, 2014. Generali waited until August 10, 2017, more than ten months after the statute of limitations had run, to file its Complaint. Therefore, Lachel asserts, Generali's claims are time-barred, and the Complaint must be dismissed.

Generali responds that its claims arise from a written contract wherein Lachel was hired to design the structural support for the tunnel. Generali asserts that Lachel assumed a heightened

---

[1] "Subrogation has been defined as the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. . . . When an insurer claims a right through subrogation, it stands in the shoes of the insured and takes no rights other than those which the insured had." *Farm Bureau Ins. Co. v. Allstate Ins. Co.*, 765 N.E.2d 651, 656 (Ind. Ct. App. 2002) (internal citations and quotation marks omitted).

duty in its contract that extends beyond a duty of care. Because of Lachel's deficient construction procedures and failure to properly perform the engineering services it agreed to perform in the contract, Generali filed a breach of contract claim against Lachel. Generali points out that breach of contract claims are subject to a ten-year statute of limitations in Indiana, citing Indiana Code § 34-11-2-11. Because the incident occurred in 2014 and this lawsuit was filed in 2017, Generali argues that it brought its claims before the ten-year period has expired.

Generali acknowledges that Indiana Code § 34-11-2-3 refers to actions brought against professional service providers and does have a two-year statute of limitations. However, Generali argues, such professional service providers are "defined in the statute to include physicians, dentists, and other professionals of the medical field. The statute was clearly not meant to apply to engineers but rather it must be narrowly construed so as to apply solely to medical practitioners and other similarly situated professionals." ([Filing No. 12 at 11](Filing No. 12 at 11).) Generali argues that the Seventh Circuit held in *Lewis v. Methodist Hosp., Inc.*, 326 F.3d 851, 855–56 (7th Cir. 2003), that Indiana's two-year tort statute of limitations for professional malpractice claims should not be applied to actions that arise in the context of a contract, and the Indiana Supreme Court has refused to collapse all contract claims into tort.

Generali then argues that, assuming the two-year statute of limitations for professional malpractice applies, it still timely filed its Complaint because the original action—the Kentucky lawsuit filed on September 14, 2016—was filed within the two-year period after the tunnel collapse incident occurred and before the statute of limitations expired. Generali asserts that Indiana's savings statute or "the Journey's Account," Indiana Code § 34-11-8-1, allows for an action to be refiled or continued as long as it was dismissed for any cause other than negligence in the prosecution of the action and as long as no judgment has been rendered. Generali argues the

9

Journey's Account statute allows for the continuation of the action when a plaintiff fails to obtain a decision on the merits, and different arguments and precedent may be considered in the new suit. Generali asserts the original suit filed in Kentucky was dismissed for being filed after Kentucky's one-year statute of limitations had expired, and thus, it was dismissed for reasons other than "on the merits," so Indiana's Journey's Account statute allows this action as a continuation of the original Kentucky action.

The allegations in the Complaint and the parties' contract reveals that the nature and substance of Generali's claims are based in tort law. The agreement required Lachel to perform its professional engineering services in a manner consistent with the professional skill and care ordinarily provided by members of the engineering profession practicing in the same locality ([Filing No. 1-1 at 8](Filing No. 1-1 at 8))—the failure to do so is the tort of professional negligence.

In its Complaint, Generali alleged that Lachel failed to provide adequate initial support design and contingency plans for the tunnel, and Lachel's inadequate initial support design and contingency plans were the proximate cause of Walsh Vinci JV's loss. Generali hired other professional engineers to determine the cause of the tunnel collapse, and those professional engineers opined that Lachel inadequately designed the initial support system. These allegations sound in tort—providing professional services below the standards of ordinary professional skill and care in the engineering field. The Complaint also alleges that Lachel was required to indemnify Walsh Vinci JV for "property damage that may arise from the performance of the Services to the extent caused by the negligent acts or omissions of [Lachel]," and Lachel breached this duty to indemnify. *Id.* at 5–6. However, this claim for indemnity is explicitly based upon Lachel's negligence.

The Complaint alleges that the contract required Lachel to perform consulting and design engineering services for the project. The Complaint also alleges that Lachel did provide these engineering services. The Complaint then alleges that the engineering services provided were inadequate and caused damage. Thus, the allegations claim that Lachel provided the contractually required engineering services but did so in a manner that fell below the professional standard. This is a negligence claim.

The Seventh Circuit's opinion in *Lewis* did not hold, as Generali seems to suggest, that the two-year statute of limitations for professional negligence claims can never be applied in actions involving a contract. Rather, the *Lewis* decision reaffirmed that the nature and substance of the claim is what counts, and if the parties' duties arise solely from a contract, then the claim should be treated as a contract claim, and the longer statute of limitations will apply. *Lewis*, 326 F.3d at 855–56.

Generali argued, without citation to any legal authority, that Indiana Code § 34-11-2-3 is limited to cases involving professional service providers in the medical field and does not apply to engineers. The statute provides a two-year limitation period for an "action of any kind for damages, whether brought in contract or tort, based upon professional services rendered . . . against physicians, dentists, surgeons, hospitals, sanitariums, or others . . . ." Ind. Code § 34-11-2-3.

While one Indiana Supreme Court decision has limited the term "or others," as used in the statute, to "others of the medical care community," *Shideler v. Dwyer*, 417 N.E.2d 281, 283 (Ind. 1981), numerous other decisions after the *Shideler* decision have applied a two-year limitation period to professional negligence claims against other non-medical professionals such as

surveyors,[2] real estate brokers,[3] insurance agents,[4] accountants,[5] and engineers.[6] Some of these cases addressed the predecessor statute to Indiana Code § 34-11-2-4, which establishes a two-year limitation period for claims of injury to personal property, while other cases addressed Indiana Code § 34-11-2-3 (the professional services statute), but nonetheless, all of the cases noted the professional negligence involved in the claims and that a two-year limitation period applied.

The Court concludes that a two-year limitation period is appropriate in this case involving claims for injury to personal property arising from the provision of professional services. Indiana Code § 34-11-2-3 set a two-year limitation for bringing an action in contract or tort based on professional services rendered, and Indiana Code § 34-11-2-4 set a two-year limitation for bringing an action for injury to personal property.

Lachel responded to Generali's Journey's Account argument, explaining that the savings statute does not apply because the same plaintiff must bring the "original action" and the "continuation action," and the original action was brought by Generali as subrogee of WVB East End Partners and this action was brought as subrogee of Walsh Vinci JV. Lachel points out that Generali alleged in its Complaint that WVB East End Partners and Walsh Vinci JV are separate entities ([Filing No. 1-1 at 3](Filing No. 1-1 at 3)). Walsh Vinci JV contracted with Lachel. WVB East End Partners did not contract with Lachel. In the earlier Kentucky action, claims were brought by WVB East End Partners' subrogee, and in this action, claims were brought by Walsh Vinci JV's subrogee. "When an insurer claims a right through subrogation, it stands in the shoes of the insured and takes no rights other than those which the insured had." *Farm Bureau Ins.*, 765 N.E.2d at 656. Lachel

---

[2] *Shaum*, 902 N.E.2d at 856; *Raquet v. Thompson*, 693 N.E.2d 969 (Ind. Ct. App. 1998).
[3] *Lakeside, Inc. v. DeMetz*, 621 N.E.2d 1149 (Ind. Ct. App. 1993); *Craig v. ERA Mark Five Realtors*, 509 N.E.2d 1144 (Ind. Ct. App. 1987).
[4] *Butler v. Williams*, 527 N.E.2d 231 (Ind. Ct. App. 1988).
[5] *Davis v. Geo. S. Olive & Co.*, 731 F. Supp. 1380 (S.D. Ind. 1990).
[6] *Burgher*, 2010 U.S. Dist. LEXIS 19192.

concluded, "[b]ecause no timely cause of action was filed against Lachel asserting rights belonging to Walsh Vinci JV, which are the subject of Generali's Complaint in the instant action, the Journey's Account Statute has no application to Generali's Complaint in this proceeding." ([Filing No. 13 at 10](#).)

Lachel's argument regarding the inapplicability of the Journey's Account statute is well-taken. In the Kentucky case, claims were brought for injury to WVB East End Partners, and damages were sought because of those injuries to WVB East End Partners. In this case, claims were brought for injury to Walsh Vinci JV, and damages were sought because of those injuries to Walsh Vinci JV. A subrogee stands in the shoes of the subrogor, and Generali acknowledged that Walsh Vinci JV and WVB East End Partners are separate entities. In order for the Journey's Account statute to apply and "save" a late-filed action, the same plaintiff must bring an action that is a continuation of the original, timely-filed action. *See Cox v. Am. Aggregates Corp.*, 684 N.E.2d 193, 194–95 (Ind. 1997); *Vesolowski v. Repay*, 520 N.E.2d 433, 434–36 (Ind. 1988); *Hawthorn v. State*, 57 Ind. 286, 286–87 (1877); *Ware v. Waterman*, 253 N.E.2d 708, 711–12, n. 2–3 (Ind. Ct. App. 1969). Such is not the case here, and thus, the Journey's Account statute does not apply to save this late-filed action.

Because the Court has determined that a two-year limitation period applies in this case and the Journey's Account statute does not apply, this action must be dismissed as being untimely filed because it was filed on August 10, 2017, and the claims accrued on September 19, 2014.

**B.** **Waiver of Subrogation**

Lachel next argues that a waiver of subrogation among the contracting parties also bars the claims brought in this action. The public-private agreement between Indiana Finance Authority and WVB East End Partners that governed the project included the following waiver of subrogation provision:

13

> IFA waives all rights against the Developer-Related Entities, and Developer waives all rights against the Indemnified Parties, for any claims to the extent covered and paid by insurance . . . . Developer shall require all Contractors to provide similar waivers in writing each in favor of all other parties enumerated above.

([Filing No. 5-5 at 5](#)–6.)

WVB East End Partners is the "Developer" under the agreement, and the "Developer-Related Entities" include:

> (a) Developer, (b) Developer's Equity Members, (c) Contractors (including Suppliers), (d) any other Persons (except IFA and the Department) performing any of the Work, (e) any other Persons except IFA and the Department) for whom Developer may be legally or contractually responsible, and (f) the employees, agents, officers, directors, representatives, consultants, successors and assign of any of the foregoing.

*Id.* at 9. The agreement defines "Contractor" as:

> [A]ny Person with whom Developer has entered into any Contract to perform any part of the Work or provide any materials, equipment, hardware or supplies for any part of the Work, on behalf of Developer, and any other Person with whom any Contractor has further subcontracted any part of the Work, at all tiers.

*Id.* at 8. The agreement defines "Work" as, "the work required to be furnished and provided by Developer under the PPA Documents, including all administrative, design, engineering, real property acquisition and occupant relocation, construction . . . ." *Id.* at 10.

After WVB East End Partners executed the public-private agreement, WVB East End Partners contracted with Walsh Vinci JV to perform the design and construction work for the project ([Filing No. 12 at 3](#)–4), and then Walsh Vinci JV contracted with Lachel to perform consulting and design engineering services for the project. *Id.* at 5. By virtue of these contracts, Walsh Vinci JV and Lachel became "Contractors" and "Developer-Related Entities" under the public-private agreement, and that agreement waived subrogation rights and required all Contractors to similarly waive subrogation rights.

Lachel asserts that the services agreement between it and Walsh Vinci JV incorporated as contract documents the design-build contract between WVB East End Partners and Walsh Vinci JV as well as the public-private agreement between Indiana Finance Authority and WVB East End Partners, thereby making the provisions of those contracts part of Lachel's contract with Walsh Vinci JV, including the waiver of subrogation rights ([Filing No. 1-1 at 19](#)).

Lachel further asserts that the insurance policy issued by Generali to Walsh Vinci JV provided waivers of subrogation, which made the insurance policy harmonious with the various agreements governing the project. Lachel points to the policy provisions where Generali waived subrogation rights: "Where rights of recourse and/or subrogation have been waived . . . , those parties benefiting from such waiver or agreement shall be considered as Insured Parties for their respective rights and interests for the purposes of the Insured Contract." ([Filing No. 5-4 at 13](#).) "The Insurers hereby agree to waive all rights of subrogation which they may have or acquire against any insured party . . . ." *Id.* at 14. Lachel argues it is an "Insured Party" that enjoys the benefit of the subrogation waiver by virtue of Walsh Vinci JV's—a named insured under the policy—waiver of subrogation under the public-private agreement and the services agreement.

Lachel also points out the insurance policy's "Indiana Finance Authority Endorsement," which provides, "Notwithstanding any other provision of this Policy, the following Endorsement shall apply: . . . 3. Waivers of Subrogation[:] The Insurers of this Policy waive all and any right of subrogation against the Insured subject to the Multiple Insured's Clause under the General Conditions of the Policy." *Id.* at 37.

Lachel argues that mutual waivers of subrogation across all tiers of contracting parties are a common allocation of risk in construction contracts, citing *Bd. of Comm'rs v. Teton Corp.*, 30 N.E.3d 711, 715 (Ind. 2015) (explaining that subrogation waivers are common in the construction

industry and serve to "remedy[] construction losses through insurance claims, not lawsuits"). Lachel asserts that, based on the waivers of subrogation found in the project contracts and in the insurance policy, Generali's claims in this case are barred because they are claims of subrogation.

Generali responds that Walsh Vinci JV was not the "Developer" under the public-private agreement, and thus, Walsh Vinci JV did not waive any rights under the public-private agreement. Furthermore, Generali argues, the contract between Lachel and Walsh Vinci JV is the only contract that governs the parties in this case, and that contract did not waive any rights and did not incorporate the public-private agreement. Generali also asserts that the service agreement between Lachel and Walsh Vinci JV required Lachel to provide its own liability insurance.

Generali also argues that Lachel is not an insured party in any capacity under the Generali insurance policy issued to Walsh Vinci JV. The policy states who is an insured party: WVB East End Partners and/or Walsh Investors LLC and/or VINCI Concessions SAS and/or Bilfinger Berger PI International GmbH and/or Parent Groups and/or Sub-Groups and/or Subsidiaries of any tier; Walsh Construction Company and/or Vinci Construction Grands Projects; the Indiana Finance Authority; subcontractors of any tier, architects and/or consultants, design bureau and/or suppliers and/or sub-suppliers, manufacturers and/or vendors of any tier but only to the extent that the insured had by contract agreed to provide such party with the benefit of the insurance; other lenders/finance parties; and any other party having an insurable interest to the extent that the insured was required by contract to provide such insurance to such party (*see* Filing No. 5-4 at 6). Because Lachel does not fall under any of the categories of an "insured" pursuant to the policy language, Generali asserts, Lachel cannot be considered an "insured party" and is not protected by any waiver of subrogation.

Generali is incorrect in its assertion that the service agreement between Lachel and Walsh Vinci JV did not incorporate the public-private agreement governing the project. In fact, the contract did incorporate the public-private agreement as one of its contract documents (*see* [Filing No. 1-1 at 19](#)). Additionally, the public-private agreement explicitly required all "Contractors" to include waivers of subrogation in their contracts (*see* [Filing No. 5-5 at 6](#)), and Lachel and Walsh Vinci JV both fell under the definition of "Contractor" in the public-private agreement. Generali's response ignored this fact. Thus, the provisions of the public-private agreement, including the waiver of subrogation provision, applied to both Lachel and Walsh Vinci JV.

By virtue of this waiver of subrogation between Lachel and Walsh Vinci JV, the subrogation provisions in Generali's insurance policy also apply to Lachel. The policy states that where rights of subrogation have been waived, the parties benefiting from such waiver are considered an "Insured Party" for those rights, and Generali agreed to waive all rights of subrogation against an "Insured Party." ([Filing No. 5-4 at 13](#), 14.) Because the "named insured," Walsh Vinci JV, waived its subrogation rights to benefit Lachel, Lachel became an "Insured Party" for purposes of that waiver, and Generali agreed to waive all rights of subrogation against Lachel.

The Court concludes that the waivers of subrogation in the contract documents and in the insurance policy protect both Lachel and Walsh Vinci JV. Generali's claims against Lachel are brought by Generali as the subrogee of Walsh Vinci JV. Because Walsh Vinci JV waived its rights to subrogation, and Generali stands in the shoes of Walsh Vinci JV as its subrogee, the claims asserted in this action are barred. This serves as an additional basis to grant Lachel's Motion to Dismiss. Because all claims are barred, filing an amended complaint would be futile. Accordingly, the dismissal is with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Lachel & Associates, Inc.'s Motion to Dismiss (Filing No. 5), and this action is **DISMISSED with prejudice.** Final judgment will issue under separate order.

**SO ORDERED.**

Date: 2/19/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ryan M. Akers
DENENBERG TUFFLEY, PLLC
rakers@dt-law.com

Alyssa J. Endelman
DENENBERG TUFFLEY, PLLC
aendelman@dt-law.com

Geoffrey D. Farnham
DENENBERG TUFFLEY, PLLC
gfarnham@dt-law.com

Mark J. Sandlin
GOLDBERG SIMPSON LLC
msandlin@goldbergsimpson.com

Brian J. Vella
SMITH PATCHER MCWHORTER, PLC
bvella@smithpachter.com